IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JACK KIRSE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 04-1067-CV-W-SOW |
| ) | |
| KENNETH MCCULLOUGH, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is defendants Jesse Bechtold, Don Price, Tom Collins, and Kenneth McCullough's ("defendants") Motion to Strike (Docs. # 14 & # 23). For the reasons set forth below, defendants' motion is denied.

**I.      Background**

Plaintiffs, current and former employees of Havens Steel Company ("HSC"), bring this class action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Defendants are fiduciaries responsible for the administration and management of HSC's Employee Stock Ownership Plan ("Plan"). Plaintiffs allege that defendants breached their fiduciary duties in regard to said Plan, thereby exposing defendants to personal liability under § 1109(a), by way of § 1132(a)(2). Plaintiffs demand "a trial by jury on all claims so triable." Complaint at 18. Defendants move this Court to strike plaintiffs' demand for a jury trial. Citing Eighth Circuit precedent, defendants argue that plaintiffs' claims and remedies are equitable in nature. In re Vorpahl, 695 F.2d 318, 320-322 (8th Cir. 1982) (no right to jury trial in action brought under § 1132(a)(1)(B) and § 1132(a)(3)); Langlie v. Onan Corp., 192 F.3d 1137, 1141 (8th Cir. 1999)

("[T]here is no right to a jury trial under ERISA."); *see also* Motor Carriers Labor Advisory Council v. Trucking Management, Inc., 731 F. Supp. 701, 703 (E.D. Pa. 1990) (no right to jury trial in action brought under § 1132(a)(2)); Broadnax Mills, Inc. v. Blue Cross and Blue Shield of Virginia, 876 F. Supp. 809, 815-817 (E.D. Va. 1995) (same); White v. Martin, No. Civ. 99-1447, 2002 WL 598432, at *2-*4 (D. Minn. Apr. 12, 2002) (same). Plaintiffs, in rebuttal, argue that the Supreme Court's decision in Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204 (2002) compels the conclusion that the primary relief sought by plaintiffs is legal in nature, thereby entitling them to a jury trial.

## II. Discussion

The Seventh Amendment provides that "[i]n Suits at Common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. The right to a jury trial exists, and will be "carefully preserved," where legal rights are at issue. Chauffeurs, Teamsters, & Helpers Local No. 391 v. Terry, 494 U.S. 558, 565 (1990). In determining whether a particular action will involve a determination of legal rights, this Court must "examine both the nature of the issues involved and the remedy sought." Id. First, this Court must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, [this Court] must examine the remedy sought and determine whether it is legal or equitable in nature." Id. The latter inquiry is the more important in this Court's analysis. Id.

Regarding the first prong of the Terry test, courts routinely apply the law of trusts to claims for breach of fiduciary duty under § 1132(a)(2). Varity Corp. v. Howe, 516 U.S. 489, 496 (1996) ("[W]e recognize that these fiduciary duties draw much of their content from the common law of

trusts, the law that governed most benefit plans before ERISA's enactment."). Claims for breach of fiduciary duty were traditionally within the jurisdiction of courts of equity. *See e.g.*, Mertens v. Hewett Associates, 508 U.S. 248, 256 (1993) ("It is true that, at common law, the courts of equity had exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust."); Terry, 494 U.S. at 567 (actions for breach of fiduciary duty "were within the exclusive jurisdiction of courts of equity"). Therefore, the first prong of the Terry test weighs against a jury trial.

The Supreme Court's decision in Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204 (2002) is relevant with regard to the second prong of the Terry test. Great West involved a provision in an ERISA plan that required a beneficiary to reimburse the plan if she recovered any money from a third party. Id. at 207. Knudson was injured in a car accident, and her medical expenses were covered by Great-West through her husband's health and welfare plan. Id. Knudson and her husband filed a tort action against the manufacturer of the car they were riding in at the time of the accident and other alleged tortfeasors and eventually recovered a sum of money through a settlement agreement. Id. at 207-208. Great-West then sued the Knudsons, seeking injunctive relief and declaratory relief under § 1132(a)(3) to enforce the plan's reimbursement provision by requiring the Knudsons to pay the plan a specific amount of the proceeds recovered from the third parties. Id. at 208.

The issue before the Supreme Court in Great-West was whether reimbursement to the plan from payments made to the Knudsons by the third parties constitutes "equitable relief" as authorized by § 1132(a)(3). Id. at 206. The Supreme Court held that because Great-West was seeking to impose personal liability on the Knudsons for a contractual obligation to pay money, the relief it sought was legal, rather than equitable, and was therefore not available under § 1132(a)(3). Id. at 221.

In reaching this conclusion, the Supreme Court rejected Great-West's claim that its suit was for restitution and was therefore an equitable action permitted under § 1132(a)(3). Id. at 214. The Supreme Court found that although Great-West sought restitution of the plan's expenses, it did not seek *equitable* restitution. Id. The Court stated that a plaintiff could seek restitution at law where he could "show just grounds for recovering money to pay for some benefit the defendant had received from him. . . . In such cases, the plaintiff's claim was considered legal because he sought to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money." Id. at 213. A plaintiff could seek restitution in equity "ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." Id. Therefore, "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." Id. at 214. The Supreme Court noted that the funds to which Great-West claimed an entitlement were not in the Knudsons' possession. Id. Thus, "[t]he kind of restitution that [Great-West seeks], therefore, is not equitable – the imposition of a constructive trust or equitable lien on particular property – but legal – the imposition of personal liability for the benefits they conferred upon respondents." Id.

Although Great-West did not deal with the right to a jury trial per se, its explanation of the distinction between law and equity has particular relevance to this lawsuit. In this case, plaintiffs allege that defendants breached their fiduciary duties and caused losses to the Plan by paying themselves excessive compensation, by failing to diversify the Plan's assets, and by failing to make efforts to sell the stock of the Plan "in order to perpetuate their own positions at the expense of Plan members." Complaint at 2. As a result of this conduct, plaintiffs pray "[t]hat defendants restore to

the Plan the losses sustained by the Plan, including prejudgment interest, attributable to the breaches of fiduciary duty, in an amount to be proven at trial, which may include the recession of any transactions entered into in violation of defendants' fiduciary duties." Id. at 17. Thus, plaintiffs are not requesting that defendants restore "particular funds" in the defendants' possession. Rather, plaintiffs are attempting to recover money damages as compensation for losses caused to the Plan by defendants. *See* Bona v. Barasch, No. 01 Civ. 2289 (MBM), 2003 WL 1395932, at *11-*12, *33-*36 (S.D.N.Y. March 20, 2003); *but see* White, 2002 WL 598432, at *4. The monetary relief sought by plaintiffs cannot be characterized as equitable relief under Great-West. Accordingly, the second, more important, prong of the Terry test weighs in favor of a jury trial because plaintiffs seek legal relief from the defendants in the form of money damages. Consequently, this Court finds that plaintiffs are entitled to a jury trial on their ERISA claims.

Plaintiffs also seek prejudgment interest and rescission, which are equitable remedies. *See* Griggs v. E.I. DuPont de Nemours & Co., 385 F.3d 400, 441-42 (4th Cir. 2004); Tannenbaum v. UNUM Life Insurance Co. of America, No. Civ. A. 03-CV-1410, 2004 WL 1084658, at * 5 (E.D. Pa. Feb. 27, 2004). The presence of these remedies, however, does not preclude this Court's finding that plaintiffs are entitled to a jury trial. The Supreme Court has made it clear that "where equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed." Ross v. Bernhard, 396 U.S. 531, 537 (1970); *see also* Tull v. United States, 481 U.S. 412, 425 (1987); Curtis v. Loether, 415 U.S. 189, 196 n.11 (1974); Bona, 2003 WL 1395932 at *34 n.21.

### III. Conclusion

Based on the foregoing, it is hereby

ORDERED that defendants Jesse Bechtold, Don Price, Tom Collins, and Kenneth McCullough's Motion to Strike (Docs. # 14 & # 23) is denied.

                                             /s/Scott O. Wright
                                             SCOTT O. WRIGHT
                                             Senior United States District Judge

Dated: 5-12-05