UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JACK KIRSE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 04-1067-CV-W-SOW |
| | ) | |
| KENNETH MCCULLOUGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Before the Court is Plaintiffs' Motion for Class Certification (Doc. # 71) and defendants' response. For the reasons stated below, plaintiffs' motion is granted.

I. Background

Plaintiffs are former employees of the now bankrupt Havens Steel Company. They bring this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Defendants are fiduciaries responsible for the administration and management of HSC's Employee Stock Ownership Plan ("Plan"). Plaintiffs allege that defendants breached their fiduciary duties in regard to said Plan, thereby exposing defendants to personal liability under § 1109(a), by way of § 1132(a)(2). Specifically, plaintiffs allege that, between December 21, 2001 and July 22, 2004, these fiduciaries disregarded the interests of the Plan's participants by paying themselves huge bonuses, by continuing to invest the Plan solely in the stock of the Company even after they knew that was not a prudent investment for the Plan, and by ignoring opportunities to sell the stock of the Plan to third parties, in order to perpetuate their own positions at the expense of Plan members. On July 22, 2004, the Plan participants were informed that their shares in the Plan had become valueless.

Plaintiffs now seek certification of a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(1), (b)(2) and/or (b)(3) on behalf of hundreds of former Havens' employees who participated in the Plan. Plaintiffs' proposed class consists of:

> All participants in the Havens Steel Company Employee Stock Ownership Plan, excluding the defendants, who maintained an account balance under the Plan at any point between December 21, 2001 and July 22, 2004 (the "Class Period").

## II. Discussion

The Court has wide discretion in determining whether to certify a class. Owner-Operator Independent Drivers Association, Inc. v. New Prime, Inc., 213 F.R.D. 537, 542 (W.D. Mo. 2002). The burden of establishing class status falls on the plaintiffs. Kernan v. Holiday Universal, Inc., No. JH90-971, 1990 WL 289505, at * 1 (D. Md. Aug. 14, 1990). "A class action may be maintained only when it satisfies all the requirements of Fed. R. Civ. P. 23(a) and at least one of the alternative requirements of Rule 23(b)." Rutstein v. Avis Rent-a-Car Systems, Inc., 211 F.3d 1228, 1233 (11th Cir. 2000). The four requirements of Rule 23(a) are: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Buchanan v. Consolidated Stores Corp., 217 F.R.D. 178, 186 (D. Md. 2003). As to the Rule 23(b) requirement, plaintiffs posit Rule 23(b)(1)(A) and (b)(1)(B), which applies if "the prosecution of separate actions by or against individual members of the class would create a risk of . . . inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class [.]" Fed. R. Civ. P. 23(b)(1)(A). Rule 23(b)(1)(B) applies if "the prosecution of separate actions by or against individual members of the class would create a risk of . . . adjudications with respect to

individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1)(B). Plaintiffs also posit certification under Rule 23(b)(2), which applies if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2).

Because plan participants may only bring suit on behalf of the Plan, courts routinely grant class treatment in cases, such as this one, involving claims for breach of fiduciary duty under ERISA. See, e.g., Koch v. Dwyer, 2001 WL 289972 (S.D.N.Y. 2001); In re IKON Office Solutions Inc., 191 F.R.D. 457 (E.D. Pa. 2000), White v. Sundstrand Corp., 1999 WL 787455 (N.D. Ill. 1999).

A. The Requirements of Rule 23(a)

1. Numerosity

The first requirement of Rule 23(a) is that the proposed "class is so numerous that joinder of all members is impracticable [.]" Fed. R. Civ. P. 23(a)(1). In addition to the size of the class, the Court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members. Paxton v. Union National Bank, 688 F.2d 552, 559-60 (8th Cir. 1982). "While the absolute number of class members is not the sole determining factor, generally the courts have found the numerosity requirement fulfilled where the class exceeds 100. Ardrey v. Federal Kemper Ins. Co., 142 F.R.D. 105, 109 (E.D. Pa. 1992).

The class in this case consists of approximately 500 employee participants in the plan
3

during the relevant period.  Court have routinely certified classes in actions where the number of potential class members is far fewer than the number here.  Accordingly, the Court finds that plaintiffs have satisfied the numerosity requirement.

     2. Commonality

The second requirement of Rule 23(a) is that "there are questions of law or fact common to the class [.]"  Fed. R. Civ. P. 23(a)(2).  This requirement is satisfied when the legal question linking the class members is "substantially related to the resolution of the litigation."  Owner-Operator, 213 F.R.D. at 543.  This requirement does not require the class members' claims be identical.  Boulet v. Cellucci, 107 F.Supp.2d 61, 80 (D.Mass. 2000).

The central question in this case is whether defendants have complied with their duties and obligations as administrators of the Plan.  These duties and obligations are owed to every member of the class.  The central question in this case is therefore shared by the proposed class members.  Accordingly, plaintiffs have satisfied the commonality requirement.

     3. Typicality

The third requirement of Rule 23(a) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).

Here, the plaintiffs are all former employees of Havens who were participants in the Havens Plan.  The class is comprised of Plan participants who seek to recover losses to the Plan caused by defendants' alleged breaches of fiduciary duties; hence, plaintiffs' ERISA claims arose from the same practices of the defendants. Each representative of the class seeks the very same plan-wide relief.  Accordingly, plaintiffs have satisfied the typicality requirement.

4. Adequacy

The fourth and final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is satisfied if the following elements are met: (1) the class representatives have common interests with the members of the class, and (2) the class representatives will vigorously prosecute the interests of the class through qualified counsel. Paxton, 688 F.2d at 562-63.

The proposed class representatives and members of the class share the same interests in this case, which are ensuring that defendants comply with their duties and obligations and holding defendants accountable for past actions. Furthermore, counsel in this case have demonstrated their desire to vigorously protect plaintiffs' interests. The proposed class counsel have demonstrated to the Court that they are fully competent and qualified to handle this matter. Accordingly, the Court finds that plaintiffs have satisfied the final requirement for class certification under Rule 23(a).

B. Rule 23(b)

In addition to the requirements of Rule 23(a), the class must satisfy one or more of Rule 23(b)'s three subsections. As already mentioned, plaintiffs posit Rule 23(b)(1)(A) and 23(b)(1)(B) or 23(b)(2) for the purpose of satisfying the Rule 23(b) requirement. Defendants do not object to the assertion or applicability of Rule 23(b)(1) or 23(b)(2). Defendants response does request that the Court certify the class pursuant to 23(b)(2), or in the alternative 23(b)(1), as the relief plaintiffs seek is equitable. The Court agrees.

Here, plaintiffs' ERISA claims are all based on conduct by defendants that is "generally applicable to the class." Plaintiffs allege that defendants breached their fiduciary duties to the

5

class by paying themselves huge bonuses at the expense of the Plan participants, by continuing to invest the Plan almost exclusively in the stock of Havens, and by failing to select and monitor the Board of Directors and their fellow fiduciaries. See Bublitz v. E.I. du Pont de Nemours & Co., 202 F.R.D. 251, 259 (S.D. Iowa 2001) (certifying Rule 23(b)(2) class in ERISA breach of fiduciary duty case as monetary relief flowed directly from declaratory relief sought by plaintiffs). Accordingly, plaintiffs have satisfied the Rule 23(b) requirement. This Court will certify this class action pursuant to Fed. R. Civ. P. 23(b)(2).

### III. Conclusion

Based on the foregoing, it is hereby

ORDERED that Plaintiffs' Motion for Class Certification (Doc. # 71) is granted. This action shall proceed as a class action pursuant to Fed. R. Civ. P. 23(b)(2). It is further

ORDERED that the class action is on behalf of the following class: All participants in the Havens Steel Company Stock Ownership Plan, excluding the defendants, who maintained an account balance under the Plan at any point between December 21, 2001 and July 22, 2004 (the "Class Period"). It is further

ORDERED that Neil S. Sader, Gregory M. Garvin, and Andrew A. Rainer are designated as class counsel.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 12-5-05